WILBUR H. WESTON, PLAINTIFF, *v*. THE CITY OF NEW-
BURGH, CHARLES J. LAWSON, MAYOR, AND THE
COMMON COUNCIL OF THE CITY OF NEWBURGH,
DEFENDANTS.

*Election for special tax in city of Newburgh — vote on each object of taxation — mandamus.*

The charter of the city of Newburgh (Laws of 1865, chap. 541, tit. 5, § 21) provides
that if there shall be more than one object for a special tax proposed at any
election, the electors must place the word "for" or "against" opposite each
object of taxation. The object of a special tax, as proposed to and approved by
the electors, was as follows: "For the raising by tax of a sum, not exceeding
$50,000, for purchasing the large four-story brick building, known as the
Bazzoni Building, located on the south-west corner of Broadway and Grand
street. Said building to be remodeled, converted and changed so as to be made
suitable for use as a city hall and station-house combined."

It appeared, and was so stated in resolutions of the common council precedent to
the election, that of the $50,000 to be raised $32,000 was to be paid for the pur-
chase of the building and $18,000 for fitting it for municipal purposes.

*Held,* that the item of $50,000 as the object of taxation was a single one, and the
vote approving it in the form submitted was valid.

*Held,* also, that after the approval of such object of taxation by the electors, the
owner of the building was entitled to a *mandamus* to compel the city to complete
its purchase, and that no one but such owner and the city had any standing in
the proceeding for the *mandamus.*

SUBMISSION of a controversy on an agreed statement of facts.

The plaintiff demands judgment adjudging and declaring that the
special election held in the city of Newburgh on the 7th day of
September, 1892, was, in all respects, legal and valid, and in con-
formity with the provisions of the city charter; that the ballot cast
by the majority of the resident taxpayers of said city voting at
such election was, in all respects, legal, valid, regular and in con-
formity with the provisions of the city charter in form and substance;
that the defendants be required by writ of *mandamus* to carry out
the vote and direction and determination of said taxpayers as
expressed at said election, and to purchase the property known as
the Bazzoni property and improve the same for the purpose of a
city hall and station-house combined; and that the plaintiff have
such other and further relief as may be just and equitable as the
nature of the case may require.

And the defendants demand judgment adjudging and decreeing that said special election was not legal and valid, and that said ballot so voted by the majority of said taxpayers did not and does not conform to the provisions of said city charter, and is irregular, illegal and invalid in form and substance, and dismissing the plaintiff's claim upon the merits.

*M. H. Hirschberg* and *William D. Dickey*, for the plaintiff.

*C. L. Waring*, for the defendants.

*L. S. Sterrit* and *E. L. Fancher*, for certain taxpayers.

BARNARD, P. J.:

The submission shows that there is a building in Newburgh called the Bazzoni Building, which the city wished to purchase for municipal purposes. The plaintiff owned the property, and asked $32,000 for the same, which the city was willing to give, and passed resolutions to that effect. It was necessary to expend $18,000 as additional thereto to fit the building up so as to meet the municipal necessities. By chapter 541, Laws of 1865, title 5, section 21, it was necessary to submit the question whether the people would authorize the city to raise the money, and to that end the common council passed these resolutions.

The following resolutions were also passed and adopted by the common council at said meeting, August 2, 1892:

"*Resolved*, That the objects hereinafter named be included in the notice for special election to be held Wednesday, September 7th 1892, and that the following resolutions be adopted:

"*Resolved*, That the common council hereby estimate the sum necessary to be raised for said purpose not to exceed $50,000; and the objects for which said sum is required are as follows, viz.:

" For purchasing the large four-story brick building known as the Bazzoni Building, located on the south-west corner of Broadway and Grand street, said building to be remodeled, converted and changed so as to be made suitable for use as a city hall and station-house combined.

"*First*. It is necessary to raise a sum not exceeding $32,000 for the purpose of purchasing said four-story brick building, known as

the Bazzoni Building, to be used as a city hall and station-house combined.

" The common council are of the opinion that this building is conveniently situated for the purpose of a city hall, and that the price at which the same can be purchased is a reasonable figure. That it is a matter of economy for the city to be the possessor and owner of a city hall, and also, that this building is substantially built, and so constructed and arranged as to make it easily, possible, to change and alter the same in such a manner as to be suitable for the offices of Mayor, City Clerk, Collector, Health Officer, City Surveyor, Excise Board, Street Superintendent, Marshal, Recorder's Court and station-house, all combined, including cells for prisoners.

" *Second.* That it is necessary to raise a sum not exceeding $18,000 for the purpose of making necessary changes and alterations in and to the brick building known as the Bazzoni Building so as to render the same suitable for the purpose of a city hall hereinbefore mentioned."

The section of the city charter provided that if there should be more than one object for a special tax proposed at any election the word " for " or " against " must be placed opposite each one of these objects of taxation. The object of the tax as proposed to the elector was as follows:

" For the raising by tax of a sum not exceeding $50,000 for purchasing the large four-story brick building known as the Bazzoni Building located on the south-west corner of Broadway and Grand street. Said building to be remodeled, converted and changed so as to be made suitable for use as a city hall and station-house combined."

The item is a single one. No assent would be proper by which the city could raise one sum without the other. If the electors would not buy the building there was no need of the $18,000, and if the building was approved it was useless for the purposes intended without the expenditure of the $18,000. The electors approved the item as it stood, $50,000 for the building and fitting it up. The plaintiff is willing to sell and the city is willing to take. The plaintiff is entitled to a writ of *mandamus* to compel the peformance of the contract. This form of action is needed to determine the legality

·of the bonds to be given so as to raise the money under the power granted by the vote. No one has any standing but the land owner and the city.

The judgment must be for the plaintiff upon the submitted case.

PRATT, J., concurred ; DYKMAN, J., dissenting.

Judgment for plaintiff on submitted case.